# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY KATHRYN BROWN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-393 |
| v. | ) Judge Nora Barry Fischer |
| | ) |
| CITY OF PITTSBURGH, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Presently before the Court is Defendants' the City of Pittsburgh, Pittsburgh City Council, and Mayor Luke Ravenstahl (hereinafter, "Defendants") Motion to Dismiss [DE 17]. In their motion, Defendants seek dismissal of certain claims in Plaintiff Mary Kathryn Brown's Complaint, which requests a declaration that sections 623.03 and 623.04 of the City of Pittsburgh's Ordinance No. 49 (hereafter "Ordinance") are unconstitutional on their face and as applied against her as well as equitable relief, nominal damages, and costs of litigation.

## **Facts**

The facts relevant to the disposition of the instant motion are set forth in the accompanying Opinion and Order [DE 67], which addresses Brown's Motion for Preliminary Injunction [DE 22].

## **Standard**

Under *Bell Atl. Corp. v. Twombly*, --- U.S.---, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (May 21, 2007), a claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1963 (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46

1

(1957)).[1] *See Phillips v. Count of Allegheny*, --- F.3d ----, 2008 WL 305025, at *6 (3d Cir. Feb. 5, 2008) (declining to read *Twombly* "so narrowly as to limit its holding on plausibility to the antitrust context" and noting that plausibility is related to the requirement of a Rule 8 "showing"). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. As still required post-*Twombly*, the Court accepts all well-pled material allegations in Plaintiff's Complaint as true and draws all reasonable inferences therefrom in her favor. *Id.* at 1964-65 & 1969 n.8. Finally, on a motion to dismiss, a court may consider some evidence beyond a complaint (and the attached exhibits) "including public records..., documents essential to plaintiff's claim which are attached to defendant's motion, and items appearing in the record of the case." *Core Const. & Remediation, Inc. v. Village of Spring Valley, NY*, Civil Action No. 06-CV-1346, 2007 U.S. Dist. LEXIS 73069, 2007 WL 2844870, at *2 (E.D. Pa. Sept. 27, 2007) (*citing Oshiver v. Levin*, 38 F.3d 1380, 1380 n.1 and n.2 (3d Cir. 1995)) (internal citation omitted).

**Analysis**

The City Defendants have moved to dismiss the Mayor of Pittsburgh and the Pittsburgh City Council as parties in the instant action, arguing that they are not the real parties in interest. (Docket No. 17, at 3-5). Additionally, they argue that all four of Brown's causes of action alleging violations of the Pennsylvania Constitution (Counts 2, 4, 6, and 8) should be dismissed on the basis that Pennsylvania does not provide a private right of action under its Constitution for civil rights claims. (*Id.* at 5). The City Defendants further argue that Brown has failed to state a cognizable freedom of the press claim (Count 1), and that her substantive and procedural due process claims also fail (Count

---

[1] The Court notes Plaintiff filed her Complaint prior to the Supreme Court's ruling in *Twombly*. Nevertheless, the Supreme Court's analysis there guides the Court as to the proper pleading standard.

3). (*Id.* at 7). Lastly, the Defendants have moved to dismiss Brown's claim under the Religious Freedom Protection Act (Count 9), arguing that she failed to meet both the substantive and procedural requirements of the Act. (*Id.* at 9).

The Court notes that the Defendants have not moved to dismiss Plaintiff's First Cause of Action (as to freedom of speech), Fifth Cause of Action (Equal Protection Clause of the Fourteenth Amendment to the United States Constitution), and Seventh Cause of Action (Free Exercise Clause of the First Amendment to the United States Constitution) of Plaintiff's Complaint. Therefore, the Court expresses no opinion as to the merits of the same.

### A.   The Mayor of Pittsburgh and the Pittsburgh City Council

The City Defendants move to dismiss Mayor Luke Ravenstahl[2] as well as the Pittsburgh City Council as a body and its individual members, arguing that the real party in interest is the City of Pittsburgh. (Docket No. 17 at 3-4). In addition, Defendants argue that the City Council members have absolute immunity for legislative actions. (Docket No. 17, at 4). The City Defendants concede that Brown's allegations imply that she intended to bring her claims solely against the City Council body as a whole, but "for purpose of clarity seek to ensure individual Council members are not included in the lawsuit." (Docket No. 17, at 4). Brown clarifies her position in her response that she sued the Pittsburgh City Council, not its members. (Docket No. 21 at 2 n.1).

As a threshold matter, the Court notes that Plaintiff has not named the members of the Pittsburgh City Council as defendants, and thus any discussion or ruling as to granting absolute immunity is moot.

---

[2] Mayor Luke Ravenstahl was substituted as a party to this matter on May 22, 2007. The former Mayor, Bob O'Connor, was initially named as a party to the suit but passed away in September of 2006 after the Plaintiff initiated this action.

3

Turning to Defendants' argument based on the real party in interest rule, generally, suits against government officials are nothing more than suits against the governmental entity of which the individual is an agent. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). However, this maxim, in and of itself, does not provide the Court with proper authority to dismiss the City Council or the Mayor from the instant case. In Section 1983 claims, naming "multiple defendants, whether corporate, municipal, or individual, is commonplace." *Coffman v. Wilson Police Dep't.*, 739 F.Supp. 257, 262 (E.D. Pa. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 473-74 (1986) (city, county, police chief, county sheriff, Board of County Commissioners, prosecutor, police officers all named defendants); *Kentucky v. Graham*, 473 U.S. 159, 161-62 (1985) (local law enforcement and city named as defendants)). Additionally, Brown has alleged that each entity performed separate roles in the process of creating, enacting, and enforcing the Ordinance. This fact, if taken as true, renders dismissal at this stage inappropriate. Moreover, Brown, through discovery, seeks to provide evidence of each party's separate role and function. At this juncture of the action, it is not unnecessary and duplicative to have all three parties named as individual defendants. For these reasons, the City Defendants' Motion to Dismiss the Mayor of Pittsburgh and the Pittsburgh City Council is denied[3] and discovery can proceed against them.

**B.    Federal and state claims**

As to her federal claims, Plaintiff's First Cause of Action (freedom of the press) and Third Cause of Action (substantive and procedural due process) hinge on the constitutionality of the Ordinance. In light of the Court's ruling on Plaintiff's request for preliminary injunction [DE 67],

---

[3] The Defendants have not argued that the Pittsburgh City Council as a whole body has immunity for their actions. They only argue that naming the Council as a party is unnecessary and repetitive. (Docket No. 17 at 4-5).

finding the Ordinance facially valid, the Court concludes that Plaintiff's federal claims at her First Cause of Action (as to freedom of the press) and Third Cause of Action fail as a matter of law. In the same manner, because Plaintiff's state law claims under the Pennsylvania Constitution pled as her Second Cause of Action (Article 1, § 7), Fourth Cause of Action (Article 1, § 26--due process), Sixth Cause of Action (Article 1, § 26--equal protection), and Eighth Cause of Action (Article 1, § 3), as well as her claim under the Religious Freedom Protection Act, 71 Pa. C.S.A. §§ 2401-2407, pled as her Ninth Cause of Action, all turn on the constitutionality of the Ordinance, and again considering the Court's ruling as to the same, the Court finds that Plaintiff's state law claims listed above fail as a matter of law.

**Conclusion**

Based on the foregoing reasons, Defendants' Motion to Dismiss [DE 17] is **GRANTED** in part and **DENIED** in part. The Court grants the motion to the extent that the Defendants seek dismissal of the First Cause of Action (as to freedom of the press), the Second Cause of Action, the Third Cause of Action, the Fourth Cause of Action, the Sixth Cause of Action, the Eighth Cause of Action, and the Ninth Cause of Action. Accordingly, the Court dismisses the same. However, the Court denies the motion to the extent that the Defendants seek dismissal of Defendant Mayor Luke Ravenstahl and the Pittsburgh City Council.

An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: February 22, 2008

cc/ecf: All counsel of record